277 F.3d 633 (2nd Cir. 2002)
 PEGGY FARRIOR, PLAINTIFF-APPELLANT,
v.
WATERFORD BOARD OF EDUCATION, DEFENDANT-APPELLEE,
TOWN OF WATERFORD, EDMOND CLARK, GEORGE YOST, DAVID CATTANACH, DAVID TITLE, DAVID RUFFNER, RANDALL COLLINS, BETTY BRESSER, SUSAN WHITE, PAUL HAVENER, INEZ CULLEN, FRANCIS SWEENEY AND JUDITH CONSTANTINE, DEFENDANTS.
 Docket No. 01-7049
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: October 16, 2001
Decided January 24, 2002
 
 1
 Plaintiff-appellant Farrior appeals from a grant of a new trial under Fed. R. Civ. P. 59(a) in the United States District Court for the District of Connecticut (Alvin W. Thompson, D.J.). After the grant of a new trial, the case was retried and final judgment was entered for the Defendant-Appellee. On appeal, Farrior argues that the trial court applied the wrong standard in determining whether to order a new trial.
 
 
 2
 Affirmed.
 
 
 3
 Joseph D. Garrison, Esq., (Jeffrey S. Bagnell, on the brief), Garrison, Phelan, Levin-Epstein, Chimes & Richardson, P.C., New Haven, CT for Plaintiff-Appellant.
 
 
 4
 Michael Peter Mckeon, Esq., Sullivan, Schoen, Campane & Connon, Llc, Hartford, CT for Defendant-Appellee.
 
 
 5
 Before: Walker, Chief Judge, Meskill, Circuit Judge, and Koeltl, District Judge.[1]
 
 Per Curiam
 
 6
 Following her termination as an executive secretary, plaintiff-appellant Peggy Farrior sued the Waterford Board of Education ("the Board") and a group of individual defendants under 42 U.S.C. § 1983, alleging, among other claims, that the Board had violated her First Amendment rights by discharging her for publicly disclosing misfeasance by her supervisor and by ratifying systematic retaliation against her by her supervisors. Farrior's other claims against the Board were dismissed on summary judgment, as were all of her claims against the individual defendants. Farrior's First Amendment claim was tried to a jury, which found in her favor and awarded $561,474 in damages. The district court then granted the Board's Rule 59 motion for a new trial on the ground that the jury's verdict was against the weight of the evidence. A second jury trial resulted in a verdict in favor of the Board. Farrior now appeals the district court's grant of a new trial.
 
 
 7
 A district court's grant of a new trial on the ground that the verdict was against the weight of the evidence is reviewed for abuse of discretion. Binder v. Long Island Lighting Co., 57 F.3d 193, 201-02 (2d Cir. 1995), abrogated on other grounds, Fisher v. Vassar Coll., 114 F.3d 1332 (2d Cir. 1997). A grant of a new trial on the ground that the verdict was against the weight of the evidence is appropriate if "the jury has reached a seriously erroneous result or... the verdict is a miscarriage of justice." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (internal quotation marks omitted). In determining whether the jury's verdict is so "seriously erroneous" as to justify a new trial, the trial judge is free to weigh the evidence and "need not view itin the light most favorable to the verdict winner." Id. at 134.
 
 
 8
 Although the district court's opinion as a whole makes it clear that the right standard was applied and thus we can easily affirm the judgment, we write to clarify one passage. The district court's opinion states that a new trial is appropriate "if the jury's verdict is seriously erroneous or constitutes a miscarriage of justice, or the verdict appears... to be against the weight of evidence." Farrior, No. 3:93-1585, slip op. at 3 (D. Conn. Sept. 30, 1999) (internal quotation marks and citations omitted). That passage could be interpreted as stating that a new trial is appropriate if a) the verdict is seriously erroneous, b) the verdict is a miscarriage of justice, or c) the verdict is against the weight of the evidence. That understanding of the law would be erroneous because "seriously erroneous" and a "miscarriage of justice" are just descriptions of the standard that courts apply in determining whether a verdict is "against the weight of evidence." However, the district court's formulation could also be read as a restatement: a decision is against the weight of the evidence, for purposes of a Rule 59 motion, if and only if the verdict is seriously erroneous or a miscarriage of justice. Such a reading is correct and follows the reading we place on other prior decisions of this court that have used constructions similar to the district court's formulation. See, e.g., U.S. E. Telecomms., Inc., v. US W. Communications Servs., Inc., 38 F.3d 1289, 1301 (2d Cir. 1994); Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983). We are confident that the district court in this case applied the correct standard, in light of its correct statement that a "jury's verdict... should rarely be disturbed" (quotation marks and citation omitted) and its extensive, careful consideration of the evidence throughout its opinion.
 
 
 9
 Nonetheless, district courts should be careful in their descriptions of the standards that they are applying. Statements that are unclear as to whether a disjunction or restatement is intended could necessitate a remand for clarification in a case where it is not apparent from the remainder of the district court's opinion that the correct standard was applied. We disfavor formulations such as the one used by the district court in this case. Because it is clear that the district court applied the correct standard, and that the district court did not abuse its discretion in concluding that the jury's verdict was "seriously erroneous" or a "miscarriage of justice," and thus against the weight of the evidence, we affirm.
 
 
 
 NOTE:
 
 
 [1]
 The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.